UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | Case No. 4:10CV1880 RWS |
| CEILING SYSTEMS C.S. CO., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on plaintiffs' motion for summary judgment. Defendant did not file an opposition to the motion for summary judgment, and its time for doing so has expired. Because plaintiffs are entitled to judgment as a matter of law, the unopposed motion for summary judgment will be granted.

Plaintiffs bring this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, and the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185, seeking to collect delinquent fringe benefit contributions owed to plaintiff funds by defendant. Plaintiffs seek unpaid contributions for the periods April 6, 2010 through June 22, 2010.

Background Facts

Defendant signed a collective bargaining agreement which requires defendant to submit monthly reports showing hours worked by its employees and fringe benefit contributions for those hours. The collective bargaining agreement requires defendant to pay 20 percent liquidated damages on delinquent contributions, as well as 10 percent annual interest and plaintiffs'

attorneys' fees and costs to collect defendant's delinquencies.

Defendant reported hours worked by its employees but did not submit contributions for weeks ending April 6, 2010 through June 22, 2010. Based on these unpaid hours, defendant owes $88,782.75 in contributions, $4,317.51 in interest, and liquidated damages of $17,756.55. Plaintiffs therefore seek judgment in the total amount of $110,856.81.

Discussion

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). At the summary judgment stage, I will not weigh the evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue for trial. Anderson, 477 U.S. at 249.

Section 502(g)(2) of ERISA provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan -

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

(C) an amount equal to the greater of -
    (i) interest on the unpaid contributions,
        or
    (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed by Section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

Based on the admissible, undisputed evidence in the record , I find that plaintiffs are entitled to summary judgment against defendant in the in the total amount of $110,856.81, consisting of $88,782.75 in contributions, $4,317.51 in interest, and liquidated damages of $17,756.55.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion for summary judgment [#14] is granted, and plaintiffs shall file their motion for attorney's fees and costs in accordance with local rules. A proposed Judgment reflecting all amounts sought (including requested attorney's fees and costs) shall be filed with the motion for fees and costs.

                              RODNEY W. SIPPEL
                              UNITED STATES DISTRICT JUDGE

Dated this ___ day of May, 2011.