UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS' DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| Vs. | ) ) | Case No. 4:10CV1880 RWS |
| CEILING SYSTEMS C.S. CO., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiffs' final motion for summary judgment. The Court entered summary judgment in favor of plaintiffs on June 9, 2011, but did not enter Judgment. Plaintiffs now ask the Court to vacate its prior Order granting summary judgment and enter summary judgment in the amount of $209,506.76, consisting of $160,009.16 in contributions, $32,001.83 in liquidated damages, $15,764.77 in interest, and $1,731.00 in attorneys' fees and costs. Defendant did not file an opposition to the final motion for summary judgment, and its time for doing so has expired. Because plaintiffs are entitled to judgment as a matter of law, the unopposed final motion for summary judgment will be granted.

Plaintiffs bring this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, and the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185, seeking to collect delinquent fringe benefit contributions owed to plaintiff funds by defendant. Plaintiffs seek unpaid contributions for the periods April 6, 2010 through June 22, 2010 and May 2009 through April 12, 2011.

Background Facts

Defendant signed a collective bargaining agreement which requires defendant to submit monthly reports showing hours worked by its employees and fringe benefit contributions for those hours. The collective bargaining agreement requires defendant to pay 20 percent liquidated damages on delinquent contributions, as well as 10 percent annual interest and plaintiffs' attorneys' fees and costs to collect defendant's delinquencies.

Defendant reported hours worked by its employees but did not submit contributions for weeks ending April 6, 2010 through June 22, 2010. Defendant also did not submit reports or contributions for the period of May 2009 through April 12, 2011. Plaintiffs conducted an audit and determined that defendant owes $160,009.16 in contributions, $32,001.83 in liquidated damages, $15,764.77 in interest, and $1,731.00 in attorneys' fees and costs. Plaintiffs therefore seek final judgment in the total amount of $209,506.76.

Discussion

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). At the

summary judgment stage, I will not weigh the evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue for trial. Anderson, 477 U.S. at 249.

Section 502(g)(2) of ERISA provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan -

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of -
        (i) interest on the unpaid contributions,
            or
        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed by Section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

Based on the admissible, undisputed evidence in the record , I find that plaintiffs are entitled to summary judgment against defendant in the in the total amount of $209,506.76, consisting of $160,009.16 in contributions, $32,001.83 in liquidated damages, $15,764.77 in interest, and $1,731.00 in attorneys' fees and costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' final motion for summary judgment [#18] is granted, and plaintiffs shall have judgment against defendant in the amount of $209,506.76.

**IT IS FURTHER ORDERED** that the Order dated May 27, 2011 [#17] is vacated.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                        RODNEY W. SIPPEL
                                        UNITED STATES DISTRICT JUDGE

Dated this 20th day of July, 2011.